IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERON JOHNNY MAXTON, | : | CIVIL ACTION NO. **1:CV-13-1213** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DR. KEVIN PIGOS, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.    BACKGROUND.**

On May 6, 2013, Plaintiff Theron Johnny Maxton, currently an inmate at the United States Penitentiary Lewisburg, Pennsylvania ("USP-Lewisburg"), filed, *pro se*, a *Bivens* civil rights action pursuant to 28 U.S.C. § 1331.[1] (Doc. 1). Plaintiff submitted a 3-page form handwritten Complaint with one page of additional Defendants. Plaintiff also filed an *in forma pauperis* Motion. (Doc. 2).

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).   Plaintiff's actions fall within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
   Plaintiff's Complaint is a *Bivens* actions under §1331 since he alleges federal officials violated his constitutional rights. *See Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894 (1978).
   Plaintiff Maxton filed three previous civil rights actions with this Court, namely, Civil No. 13-0658, M.D. Pa., Civil No. 13-0713, M.D. Pa., and 13-1134, M.D. Pa. In Plaintiff Maxton's n Civil No. 13-0658 case, the Court dismissed the action on April 29, 2013, since Plaintiff did not pay the filing fee of file a *in forma pauperis* motion. In Civil No. 13-0713, we issued an R&R on April 17, 2013, and recommended that Plaintiff 's Complaint be dismissed without prejudice until he exhausted his BOP administrative remedies with respect to his constitutional claims.  In Plaintiff's  Civil No. 13-1134 case we issued an R&R o May 8, 2013, and recommended that some claims be dismissed and some claims be allowed to proceed.

In his Motion for Leave to Proceed *in forma pauperis,* Plaintiff indicates that he is under imminent danger of serious physical injury since "Defendants [are letting [him] die with prostate cancer and denying [him] an operation for hernia and [his] food." (Doc. 2, p. 2).

Plaintiff attached Exhibits (Exs. 1-21) to his Complaint, consisting, in part, of his Bureau of Prisons ("BOP") medical records and his BOP administrative remedy responses. (Doc. 1-2, pp. 1-22). Plaintiff's Exhibits all relate to his prior confinement at USP-Florence.

Plaintiff indicates in his instant pleading that he exhausted his BOP administrative remedies.[2] (Doc. 1, p. 1).

## II. ALLEGATIONS OF COMPLAINT.

In his present pleading, Doc. 1, pp. 1-4, Plaintiff raises Eighth Amendment denial of medical care claims. (Doc. 1, p. 3). Plaintiff names as Defendants Dr. Kevin Pigos, Fasciana Francis, MLP, F. Alama, MLP, Health Services Administrator ("HSA"), BOP Regional Director, and Charles Samuel, BOP Director. Defendants Dr. Kevin Pigos, Fasciana Francis, and F. Alama are employed by the BOP at USP-Lewisburg with the medical department. As we noted in Plaintiff's prior actions, Plaintiff indicated that he was recently transferred to USP-Lewisburg on February 18, 2013, from USP-Florence Colorado. In fact, Plaintiff's instant Exhibits, including the responses to Plaintiff's BOP administrative remedies, all relate to his prior confinement at USP-Florence.

Plaintiff basically states that Dr. Kevin Pigos, Fasciana Francis, and F. Alama denied him proper medical care at USP-Lewisburg for his serious prostate cancer, his asthma, his high blood

---

[2]Plaintiff spells Defendant Alama as both Alama and Alma.

pressure and his hernia conditions. Plaintiff avers that Defendant unnamed HSA told him it costs too much money to treat him "or he would have to die here." Plaintiff alleges that Defendants BOP Regional Director and BOP Director Samuel denied his administrative remedy appeals seeking medical care of his stated conditions. As stated, Plaintiff's Exhibits attached to his Complaint pertain to his administrative remedy responses when Plaintiff was confined at USP-Florence.

As relief, Plaintiff requests compensatory and punitive damages in the amount of $250 million. Plaintiff also requests injunctive relief for the Court to order Defendants transfer him out of USP-Lewisburg and to allow him to be treated by physician specialists outside of the prison. Plaintiff also requests the Court to order the BOP to remove him from the "Smooth (sic) Program" at USP-Lewisburg so that he can receive proper medical treatment. Further, Plaintiff requests the Court to order that the licenses for all of the medical Defendants be revoked by the Medical Board for a long period of time. (*Id.*, p. 4).

Plaintiff names as Defendants the individual medical staff members at USP-Lewisburg who allegedly denied him proper medical care as well as supervisory BOP officials. Plaintiff does not indicate if he is suing any Defendant in his or her official and/or personal capacities.[3]

---

[3]In a *Bivens* suit, Plaintiff cannot sue an individual federal Defendant for damages in his or her official capacity. Sovereign immunity bars Plaintiff from bringing a *Bivens* action for money damages against a Defendant in his or her official capacity as a federal agent. *See FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008). Thus, insofar as Plaintiff is deemed as seeking damages against any individual Defendant in his or her official capacity, such claim should be dismissed with prejudice. Based on settled case law, we find futility of an amended pleading to sue any individual Defendant for damages in his or her official capacity.

Plaintiff seeks specific amounts of monetary damages, *i.e.*, $250 million, in his Complaint. (*Id.*, p. 4). Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., we will recommend that Plaintiff's requests for specific monetary damages be stricken from his Complaint.

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C. § 1331. *See Butz, supra; Mitchell v. Dodrill*, 696 F.Supp. 2d 454 (M.D. Pa. 2010).

Plaintiff Maxton, an inmate at USP-Lewisburg, filed an *in forma pauperis* Motion. (Doc. 2). We will now screen Plaintiff's Complaint as we are obliged to do under the PLRA. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[4]

## III. STANDARDS OF REVIEW.

### A. PLRA

The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

[4]We have been assigned this case for pre-trial matters.

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

4

> seeks monetary relief against a defendant who
> is immune from such relief.

### B. *BIVENS* STANDARD

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200, n. 16 (M.D. Pa. 1992); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law. *See Young v. Keohane*, 809 F.Supp. at 1199; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and

5

> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

See also *Fisher v. Matthews*, 792F.Supp.2d 745, 2011 WL 1982920, * 23 (M.D. Pa. 2011) (citing *Rode, supra*).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. See *Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## C. MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id*. at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a
> plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common
> sense." *Id*. (citation omitted). *McTernan v. City of York*, 577 F.3d 521,
> 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly*
> and *Iqbal* in detail and provided a road map for district courts
> presented with a motion to dismiss for failure to state a claim in a case
> filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578
> F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual
> and legal elements of a claim should be separated. The District Court
> must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a
> District Court must then determine whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See *Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## V. DISCUSSION.

*1. Plaintiff's Requests for Transfer to an Outside Medical Facility and for Removal from the SHU at USP-Lewisburg*

As mentioned, Plaintiff requests to be transferred from USP-Lewisburg to an outside medical facility to be treated by private specialists. As relief in his other Complaints filed with this Court, Plaintiff also sought inductive relief in the nature of a court order directing the BOP to move him from USP-Lewisburg to a medical facility. As we stated in Plaintiff's prior cases, Plaintiff has no constitutional right to confinement in any particular prison, facility or rehabilitative program. See *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Recently, in *Njos v. BOP*, Civil No. 12-1251, M.D. Pa., January 8, 2013 Memorandum and Order (J. Kosik), the Court dismissed with prejudice Plaintiff inmate's request in a *Bivens* action for the Court to

7

order the BOP to transfer him to a federal medical facility. Further, Plaintiff also seemingly requests this Court to order the BOP to remove him from the Special Hocusing Unit ("SHU"). Plaintiff has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997). Also, the Court will not generally interfere with prison administration matters such as whether the BOP should house Plaintiff in the SHU at the prison. The Court should give significant deference to judgments of prison officials and the DOC regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.).

Based on well-settled case law, we will recommend that Plaintiff's request to be transferred by the BOP to an outside medical facility be dismissed with prejudice and, that Plaintiff's request to be removed from the SHU be dismissed with prejudice. We find futility of any amended pleading in this *Bivens* civil rights action with respect to Plaintiff's stated requests for injunctive relief. *See Njos v. BOP*, Civil No. 12-1251.

    *2. BOP Supervisory Defendants HSA, BOP Regional Director and BOP Director Samuel*

We find that Plaintiff has failed to sufficiently state the personal involvement of Defendants unnamed HSA, unnamed BOP Regional Director and BOP Director Samuels with respect to his constitutional claims, *i.e.*, his Eighth Amendment denial of medical care claims. We will recommend that Defendants BOP Regional Director and BOP Director Samuels be dismissed with prejudice since we find futility and undue prejudice if the Court allowed Plaintiff to amend his claims as against these two Defendants. We find that Plaintiff has only named these Defendants based on *respondeat superior* and based on their responses to his

8

administrative remedy appeals. We will recommend that Defendant HSA be dismissed without prejudice.

As discussed, in a *Bivens* civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of federal law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa. 2009). As stated, with regards to Defendants BOP RegionalDirectro and BOP Director Samuels Plaintiff avers that they denied his BOP administrative remedy appeals and refused to help him receive the proper medical care for his stated conditions. Also, Plaintiff avers that Defendant unnamed HSA told him that it was too expensive to treat him for his medical conditions.

With regards to Defendants unnamed HSA, unnamed BOP Regional Director and BOP Director Samuels, we find that Plaintiff has only implicated them due to their supervisory roles with the BOP. Therefore, we find that Plaintiff has failed to sufficiently allege the personal involvement of Defendants unnamed HSA, unnamed BOP Regional Director and BOP Director Samuels in regards to his constitutional claims. Rather, we find that Plaintiff has named Defendants unnamed HSA, unnamed BOP Regional Director and BOP Director Samuels solely on the basis of *respondeat superior* which is not permissible in a civil rights action.

Because Plaintiff has only alleged that Defendants BOP Regional Director and BOP Director Samuels denied his administrative remedy appeals and because Plaintiff has named these Defendants only on the basis of *respondeat superior*, we will recommend that these two

Defendants be dismissed from this action with prejudice as we find futility in allowing Plaintiff to amend his Complaint with respect to these high ranking federal official Defendants. See *Grayson, supra.*

Plaintiff also avers that Defendant HSA knew about his serious medical conditions, did nothing to obtain treatment for him and told him treatment was too expensive. Therefore, Plaintiff avers that Defendant HSA was involved through his (or her) supervisory position and based on the doctrine of *respondent superior*.

In *George v. PA DOC*, 2010 WL 936778, *4 (M.D. Pa.), the Court stated:

> The doctrine of *respondeat superior* does not apply to constitutional claims. See *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*." ); see also *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (claims brought
> under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. *Iqbal, supra,* --- U.S.
> at ----, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. "In order to satisfy the 'personal involvement' requirement, a [§ 1983] complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (non-precedential).

See also *Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

The Court in *Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010), repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* quoting *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir.1990), cert. denied, 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 [or 1331] liability cannot be predicated solely on *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); see also *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 [or1331] for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. *Rode*, 845 F.2d at 1208; *Cooper v. Beard*, 2006 WL 3208783 at *14 (E.D.Pa. Nov. 2, 2006).

Based on the above-detailed allegations in Plaintiff's Complaint, it is clear that Plaintiff fails to state the requisite factual specificity and allegations of personal involvement with regards to his constitutional claims as against Defendants HSA, BOP Regional Director and BOP Director Samuels. Plaintiff does not sufficiently claim any wrongdoing by these Defendants in his Complaint.

11

Therefore, while it appears that Plaintiff has named Defendant HSA on the basis of *respondeat superior* which is not permissible in a civil rights action, as well as based on the HSA's alleged statement about the expense of treatment for Plaintiff, we will recommend that Defendant HSA be dismissed without prejudice from this action. It is not clear if it would be futile in allowing Plaintiff to amend his Complaint against Defendant HSA. *See Grayson, supra.*

However, we find that Plaintiff names BOP Regional Director and BOP Director Samuels as Defendants due to their responses to his grievance appeals.

It is well-established that inmates do not have a constitutionally-protected right to a prison grievance system. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)(ruling that federal grievance regulations providing administrative remedy procedure do not create liberty interest in access to that procedure). It is further well-settled that a prison official's handling of prison grievance procedures does not equate to personal liability in a civil rights claim. *Burnside v. Moser*, 138 Fed. Appx. 414 (3d Cir. 2005) (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). *See also Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D.Pa. 2010). Thus, even if the prison officials allegedly failed to process the prisoner's grievances, no constitutional claim exists. Therefore, BOP Regional Director and BOP Director Samuels are not proper Defendants because they are named in Plaintiff's Complaint only in relation to their responses to his grievance appeals.

As such, we will recommend that Defendants BOP Regional Director and BOP Director Samuels be dismissed with prejudice since we find futility in allowing Plaintiff to amend his Complaint as against these two Defendants. See *Mitchell v. Dodrill, supra.*

3. *Medical Defendants Pigos, Francis and Alama*

As mentioned, Plaintiff alleges that Dr. Kevin Pigos, Fasciana Francis, MLP, and F. Alama, MLP, denied him proper medical care at USP-Lewisburg for his serious prostate cancer, his asthma, his high blood pressure and his hernia conditions. We find that Plaintiff has sufficiently stated an Eighth Amendment denial of medical care claims against these three USP-Lewisburg medical staff Defendants.

In *Carpenter Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11), the Court stated:

> To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario*, 834 F.2d 326, 346 (3d Cir.1987).

As stated above, we find that Plaintiff has sufficiently alleged that Defendants Dr. Kevin Pigos, Fasciana Francis, MLP, and F. Alama, MLP, personally participated in the decision to deny him medical care for his serious conditions. Thus, we will recommend that Plaintiff has stated a denial of medical care claims against Defendants Dr. Kevin Pigos, Fasciana Francis, MLP, and F. Alama, MLP, be allowed to proceed.

## VI. RECOMMENDATION.

Based on the foregoing, we respectfully recommended that:

1) Plaintiff's request that the Court direct the BOP to transfer him to an outside medical facility and, Plaintiff's request for the Court to direct the BOP to remove him from the SHU at USP-Lewisburg be **DISMISSED WITH PREJUDICE.**

2) Plaintiff's claims for damages against Defendants in their official capacities be **DISMISSED WITH PREJUDICE.**

3) Plaintiff's request for a specific amount of monetary damages (Doc. 1, p. 4) should be **STRICKEN FROM HIS COMPLAINT.**

4) Defendants BOP Regional Director and BOP Director Samuels be **DISMISSED WITH PREJUDICE.**

5) Defendant HSA be **DISMISSED WITHOUT PREJUDICE.**

6) Plaintiff's denial of medical care claims against Defendants Dr. Kevin Pigos, Fasciana Francis, MLP, and F. Alama, MLP, be **PERMITTED TO PROCEED.**

Finally, we recommend that this case be remanded to the undersigned for further proceedings.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: May 15, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERON JOHNNY MAXTON, | : | CIVIL ACTION NO. **1:CV-13-1213** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DR. KEVIN PIGOS, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated May 15, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 15, 2013